THE COMMERCIAL NATIONAL BANK, *Appellant*, v. S. A. POE et ux., *Appellees*.

No. 17,657.

SYLLABUS BY THE COURT.

CONFLICTING EVIDENCE—*Findings of Jury—Verdict Conclusive.* The parties contended for opposing theories of the case, and the jury on competent and conflicting evidence found for the defendants, no errors appearing in the rulings or instructions. *Held*, that the verdict is conclusive.

Appeal from Reno district court. Opinion filed May 11, 1912. Affirmed.

*F. F. Prigg*, and *C. M. Williams*, for the appellant.
*W. G. Fairchild*, and *H. S. Lewis*, for the appellees.

The opinion of the court was delivered by

WEST, J.: This is a fact case hanging on one point. The Commercial National Bank sued Poe and wife on a promissory note for $1000. The defendants admitted the execution of the note, but in a verified answer set up a defense which, omitting many unpleasant details, was in substance that the president of the plaintiff bank had advised Poe to invest in stock of an alfalfa company and agreed to lend him $1000 to make up the $4000 necessary to purchase forty shares of stock so as to insure his employment as secretary of the company; that he deposited with the president acting for the bank a note for $2500 owned by him, a check for $535, and the note for $1000, making $4000 and the interest on the loan for six months, with instructions to deliver the notes and check to the alfalfa company upon its delivery of forty shares of new stock, and that the bank acting through the president agreed to see that this was done and to hold the $4000 until it was done; that instead the $4000 was placed to the credit of the president of the alfalfa company in return for forty shares of old stock which had been purchased by him at forty cents on the dollar; that upon learning of this Poe demanded his deposit back. The plaintiff insisted that Poe had bought of the alfalfa company's president forty shares of old stock and had left the $4000 for him and that the bank had done as directed.

The court told the jury the question was as to the understanding between Poe and the bank, and with the usual conflict in evidence the jury believed Poe's version of the affair, and found accordingly.

Complaint is made that the facts did not warrant the verdict, but the jury thought they did, and in this view the trial court coincided, which for us is an end of all strife.

It is also urged that even on the defendants' theory they should not look to the bank for a return of the

Dunlap v. Railway Co.

money left with the president, but should look to the alfalfa company for the new stock contracted for. However, if, as the jury found, the bank took Poe's money and used it for another's benefit, it is accountable to him and can not dictate as to whom he shall sue or as to what remedy he shall pursue as to others.

We have read the abstracts and marked the claims and arguments of the parties and the divergence in the proof, and are unable to find anything except a lawsuit involving a vital question of fact which the jury determined upon competent and conflicting evidence, no erroneous rulings or instructions appearing to have been made or given.

The judgment is therefore affirmed.